UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| COLLEEN DAVISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIA MOTORS AMERICA, INC.,<br><br>Defendant. | Case No.: SACV 15-00239-CJC(RNBx)<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I. INTRODUCTION & BACKGROUND

Plaintiff Colleen Davison ("Plaintiff"), on behalf of herself and all others similarly situated, brings this consumer protection class action against Defendant Kia Motors America, Inc. ("Kia"). According to the First Amended Complaint ("FAC"), Kia, a California company, sells automobiles through Kia-authorized dealers in the United

States. (Dkt. No. 15 [FAC] ¶ 7.) Plaintiff is a Washington resident who bought a 2003 Kia Optima ("Optima") from a Kia dealership in 2003. (*Id.* ¶¶ 3, 7.) Around June 2013, Plaintiff began experiencing difficulty with the door-locking system for the front doors of her Optima. (*Id.* ¶ 21.) The FAC alleges that when Plaintiff would try to use her remote key device to open the doors, the doors would lock, requiring manual unlocking. (*Id.* ¶ 21.) Plaintiff further alleges that due to the defect, she was unable to unlock certain doors from inside her vehicle and, on several occasions, Plaintiff had to exit using the rear passenger doors. (*Id.*) Over time, Plaintiff alleges that unlocking the doors on her Optima became increasingly more difficult and by September 2013, Plaintiff was unable to unlock her front doors by any method. (*Id.*) Plaintiff contends that the Optima's door locking system poses "an unreasonable safety risk during normal driving operation, preventing vehicle egress if the car is involved in an accident or other event that requires quick exit from the motor vehicle." (*Id.* ¶ 1.)

Plaintiff asserts that Kia knew about and should have disclosed the potential door-locking defects when Plaintiff purchased her Optima in 2003. Plaintiff further asserts that Kia should have recalled and repaired the locks, offered a replacement, or reimbursed its customers who paid for repairs. (*Id.* ¶ 27.) Based on these allegations, Plaintiff brings this action on behalf of herself and all owners of Kia Optima automobiles, model years 2001–2006, within the United States. (*Id.* ¶ 42.) Plaintiff asserts two causes of action, alleging that Kia violated the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* (*See* FAC.) Before the Court is Kia's motion to dismiss or, in the alternative, to strike portions of the FAC.[1] (Dkt. No. 19 ["Def.'s Mot."].) For the following reasons, Kia's motion to dismiss is GRANTED.[2]

---

[1] Kia's alternative motion seeks to strike all of Plaintiff's nationwide class claims under the UCL and CLRA, in addition to Plaintiff's request for restitution and injunctive relief. (Def.'s Mot. at 19–24.)

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  In considering whether to dismiss a case for failure to state a claim, the issue before the court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the district court should grant the plaintiff leave to amend if the claim can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

//

//

---

Kia's alternative motion with regard to the nationwide class claims, though stylized as a motion to strike, seeks to essentially dismiss these claims.  The Court therefore treats this portion of Kia's motion to strike as a motion to dismiss.

[2]  Consequently, Kia's alternative motion to strike Plaintiff's request for restitution and injunctive relief is DENIED AS MOOT.

# III. ANALYSIS

### A. Nationwide Class Claims

Kia argues that both of Plaintiff's nationwide class claims under the UCL and CLRA should be dismissed pursuant to *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). When a federal court is sitting in diversity, it "must look to the forum state's choice of law rules to determine the controlling substantive law." *Mazza*, 666 F.3d at 594. California law may only be used on a class-wide basis if "the interests of other states are not found to outweigh California's interest in having its law applied." *Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 921 (2001). To determine whether those interests outweigh California's interest, a court must apply a three-step government interest test in which (1) "the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different"; (2) "if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists"; and (3) "if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied." *Mazza*, 666 F.3d at 590 (internal citation omitted).

While *Mazza* was decided at the class certification stage, "the principle articulated in *Mazza* applies generally and is instructive even when addressing a motion to dismiss."[3]

---

[3] Contrary to Plaintiff's contentions, many courts have decided against deferring the choice of law decision until discovery or class certification where, as here, the material differences are sufficiently obvious from the pleadings.

*Frezza v. Google Inc.*, No. 12-cv-00237-RMW, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013); *see also Frenzel v. AliphCom,* --- F. Supp. 3d --- , No. 14-cv-03587-WHO, 2014 WL 7387150, at *5 (N.D. Cal. Dec. 29, 2014). Applying California's choice-of-law principles to the facts of this case, the Court finds that Plaintiff's UCL and CLRA claims cannot be brought on behalf of a nationwide class.

### 1. Conflict of Laws

Kia argues that California's consumer protection statutes, such as the UCL and CLRA, materially differ from the consumer protection laws in other states. A conflict of law problem arises only if the differences in state law are material. *Mazza*, 666 F.3d at 590–91. Courts in this circuit, in assessing the propriety of nationwide class actions, have held that California's consumer protection statutes are materially different from those in other states. *See, e.g.*, *Mazza,* 666 F.3d at 591; *Frenzel*, 2014 WL 7387150, at *4; *Frezza*, 2013 WL 1736788, at *6; *Gianino v. Alacer Corp.,* 846 F. Supp. 2d 1096 (C.D. Cal. 2012); *Waller v. Hewlett-Packard Co.*, No. 11cv0454–LAB, 2012 WL 1987397, at *1 (S.D. Cal. June 4, 2012); *In re Hitachi Television Optical Block Cases*, No. 08cv1746, 2011 WL 9403, at *6 (S.D. Cal. Jan. 3, 2011) ("[T]here are material conflicts between California's consumer protection laws and the consumer protection laws of the other forty-nine states."). For example, the California laws at issue here have no scienter requirement, while many other states' consumer protection statutes require scienter. *Mazza*, 666 F.3d at 591; *Gianino*, 846 F. Supp. 2d at 1100–01. Some states, like California, include a reliance requirement in their consumer protection laws, while others do not. *Mazza*, 666 F.3d at 591; *Gianino*, 846 F. Supp. 2d at 1100–01. Furthermore, the statutes of limitations for consumer protection laws vary among the states from one to ten years. *Gianino*, 846 F. Supp. 2d at 1100–01. In addition, there are material variations in the remedies available under states' consumer protection laws. *Id.* (identifying differences with regard to the available remedies in various states). In view

of such differences, the Ninth Circuit has explained that, under California's choice of law rules, "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Mazza*, 666 F.3d at 594. These differences in consumer protection law among states are not trivial because they involve essential requirements to establish a claim, types of relief and remedies available to a plaintiff, and other dispositive issues. Because the conflicts in the laws of the states are material, the Court moves to the test's second step.

### 2. Interest of Foreign Jurisdictions

The second step of the *Mazza* analysis also favors dismissal of Plaintiff's nationwide consumer protection claims. "[E]very state has an interest in having its law applied to its resident claimants." *Mazza*, 666 F.3d at 591–92 (internal citation omitted). In fact, California law recognizes that "a jurisdiction ordinarily has 'the predominant interest' in regulating conduct that occurs within its borders." *Id*. It is the principle of federalism that permits each state to carefully balance its duty to protect its consumers from injuries caused by out-of-state-business with its duty to shield those businesses from what the state may consider excessive regulation or litigation. *Id.* ("Each state has an interest in setting the appropriate level of liability for companies conducting business within its territory."). This case clearly implicates each state's interest, as the consumer protection and fraud law of every state is important. Plaintiff's nationwide class presumably consists of members from 50 states. These states obviously have an interest in having their own laws applied to the consumer transactions that took place within their borders.

//
//
//

### 3. Which State Interest Is Most Impaired

The final step of California's governmental interest test is designed to accommodate conflicting state policies. *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 97 (2010). This step is not intended to weigh the conflicting state interests to determine which conflicting state law manifests the "better" or "worthier" social policy. *Mazza*, 666 F.3d at 593. But the Court must recognize the importance of federalism and every state's right to protect its consumers and promote those businesses within its borders. *Id.* California has a significant interest here in applying its laws to the consumers' transactions that took place within its borders. In addition, California has an interest in regulating Kia as Kia's corporate office is located in California. However, by virtue of bringing a nationwide class action, Plaintiff's claim encompasses class members who reside and have purchased their vehicles outside of California. California's interest in applying its law with respect to those members is much more attenuated. *See Edgar v. MITE Corp.*, 457 U.S. 624, 644 (1982) ("While protecting local investors is plainly a legitimate state objective, the State has no legitimate interest in protecting nonresident shareholders."); *McCann*, 48 Cal. 4th at 94 n.12 (finding that California considers the geographic location of the omission or where the misrepresentations were communicated to the consumer as the place of the wrong).

Here, Plaintiff, as the class representative, does not allege that she purchased her Optima or was wronged in California. *See Mazza*, 666 F.3d at 593–94 ("[T]he last events necessary for liability as to the foreign class members—communication of the advertisements to the claimants and their reliance thereon in purchasing vehicles—took place in the various foreign states, not California."). Plaintiff's home state of Washington and other states have a compelling interest in protecting their consumers from in-state injuries caused by a California corporation doing business within their borders and in delineating the scope of recovery for the consumers under their own laws. Therefore, the

Court concludes that every state would be impaired in its ability to protect the consumers within its borders if California law were applied to all claims of the nationwide class. Under the government interest test, each putative class member's claims here must be governed by and decided under the law of the state in which the injury took place. The Court therefore DISMISSES WITH PREJUDICE Plaintiff's UCL and CLRA nationwide class claims.

### B. Individual Claims

Plaintiff's individual claims under the UCL and CLRA are DISMISSED WITH LEAVE TO AMEND. Plaintiff's fraud-based claims under these statutes are deficient because the claims do not allege facts demonstrating that (1) Plaintiff reviewed any of Kia's advertisements or promotional materials that might have contained a disclosure of the alleged door-locking defect, *see Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919–20 (C.D. Cal. 2010) (dismissing the plaintiff's UCL and CLRA claims because his complaint was devoid of any allegations that he would have plausibly been aware of the car's defect prior to purchase had the defendant publicized the information), and (2) Kia had prior knowledge of the alleged defect, *see Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 n.9 (N.D. Cal. 2008) ("Random anecdotal examples of disgruntled customers posting their views on websites at an unknown time is not enough to impute knowledge upon defendants.").

Plaintiff's remaining claims under the UCL also fail. Her claim under the "unlawful" prong fails as it is premised on her deficient claim for fraud under the CLRA. Plaintiff's claim under the "unfair" prong of the UCL also fails, as Plaintiff does not sufficiently allege how her injury of repairing her door locks was substantial years after her warranty had lapsed. *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 839 (2006) (finding that the cost of repairing a defective automobile part after

the warranty expires cannot be a substantial injury because the consumer has no reasonable expectation that the product will function precisely as warranted); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,1026–27 (9th Cir. 2008) (citing *Daugherty*, 144 Cal. App. 4th at 839).

## IV. CONCLUSION

Accordingly, Kia's motion to dismiss is GRANTED. Plaintiff's nationwide class claims under the UCL and CLRA are DISMISSED WITH PREJUDICE. Plaintiff's individual claims under the UCL and CLRA are DISMISSED WITH LEAVE TO AMEND. Plaintiff shall have twenty-one (21) days to file an amended complaint consistent with this Order.

DATED: June 29, 2015

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE